Ms. Williams May it please the court, good morning your honors, good morning counsel, Julia Williams on behalf of Dustin Dobbs This case is about attorney's fees The client in this case hired attorneys on a contingency basis And during the course of the representation, the attorneys were terminated and now we have a fee dispute The trial court abused its discretion in awarding fees in this matter when there was nothing in the record to show that the fees were reasonable and justified In the trial court, the attorney had the burden to demonstrate the value of the services to show that the services were reasonable and justified The attorneys in this case failed to meet that burden because they failed to submit invoices, any affidavits, any time entries, a resume, a CV To show the court that the factors and elements under the quantum merit were considered The skills of the attorney, there's no CV The nature of the case, the trial court knew very little about the nature of the case because the case was actually pending in Ohio and was transferred to Illinois Merely for the attorney's fees issue The degree of responsibility, we don't know what the attorneys did in this case, we don't have an invoice We don't have any information about their time or their labor or their fees What a usual fee for this case in the community would look like and what the benefit was to the client So the attorneys failed to submit that information in their briefing in the trial court And the trial court could not have considered those very important factors that are consistently used in quantum merit cases, particularly here in Illinois I'm concerned before we get to the merits that we're here a little bit early Your brief indicates that Judge Johnson, Sharon Johnson Coleman issued a final judgment She issued an order, and my concern is that order provided that there might be further proceedings concerning attorney's fees With respect to the Part B, I don't know if that's concluded or not, the enhancement provision The enhancements, a portion of the enhancements have been finalized, but not all of the enhancements were finalized So I think your point is a jurisdictional point Do we have a second issue? The attorneys in this case have not sought those fees as to those issues And were actually terminated prior to that portion of the enhancements being submitted to the MDL litigation settlement So I don't believe that I thought the trial judge's order specifically reserved that issue The attorneys reserved and didn't argue that issue, so Judge Coleman did reserve that issue However, I would argue that this portion of the fees is right for this court to rule on Because it's the portion of the settlement that's been determined The order can be enforced right now against As soon as Mr. Dobbs gets a check, the order can be enforced against him So it's a final order as to the fees that have been, or excuse me, the award that's been determined Sorry to interrupt, go ahead No, thank you, your honor So in this case, the quantum merit, the court could not have determined all of the factors in the quantum merit Because the attorneys have not met their burden Because they didn't meet their burden, they shouldn't be awarded fees The attorneys instead provided conclusory statements in their briefing without any affidavit, without any invoices That they followed the case, that they communicated the terms of the settlement, that they discussed the settlement Followed case management orders So rather broad, vague statements about what they did in the case But no invoices, nothing about what's common in the community A second reason why this court could reverse this case is the breach of the attorney-client agreement In this case, there was some dispute between the parties about what the client agreement entailed So there was the written agreement that Mr. Dobbs signed with Mr. Agueros and Mr. McLaughlin And then prior to signing that though, there was an email clarifying what that agreement would be It was 35% plus cost and expenses And the cost and expenses is the important part The cost in Illinois under Rule 1.5c, you have to explain when those costs and fees will be paid Whether the client is going to be responsible for those fees Either during the case, after the case settles If they're going to be responsible even if the case is unfavorable to them So under Rule 1.5, that's an important part and required to be part of the contract In this case, Mr. Agueros had agreed to front the cost So the litigation was pending, the settlement came in Mr. Dobbs rejected the settlement and wanted to go to trial The attorneys in this case repudiated the contract by stating they would not take the case to trial Unless Mr. Dobbs would front the cost to go to trial So because there was a repudiation of the contract The attorneys cannot be awarded fees when they've repudiated the very contract that the fees are awarded under Only after Mr. Dobbs terminated counsel And learned that he would be getting both the base settlement and enhancements He did accept that settlement, but that was after the contract was repudiated So for that reason, again, the attorneys should not be awarded fees The third issue that we present in our brief is the breach of the fiduciary duty here When attorneys breach their duty to the client, they're not entitled to fees On this issue, the client has the absolute right to accept a settlement or reject a settlement And the attorneys in this case were attempting to get Mr. Dobbs to settle the case By basically threatening that they wouldn't take the case to trial They were saying, you have to pay this exorbitant amount of fees Or, excuse me, exorbitant amount of expenses in order to get this case to trial We're not willing to front those costs, you really have to settle Mr. Dobbs didn't want to settle, he went to seek other counsel Because the attorneys were maintaining a lien, stating that they had a lien Communicating to other parties that they would have a lien Where's the admissible evidence of that in the record? That is in the briefing, Mr. Dobbs stated in the briefing If you're looking for an email from alternative, that is not in the record, Your Honor Go ahead, I'm sorry No, thank you, Your Honor, I appreciate the clarification So, Mr. Dobbs did attempt to get other counsel, he couldn't get other counsel His only option here was to settle So, the attorneys breached their fiduciary duty when they strong-armed him into settlement And then the fourth and final reason that this court couldn't reverse this decision Is the violation of 1.5c Now, 1.5c, as I discussed earlier, is the rule of ethics that states That you have to clearly notify the client of any expenses Now, if that email is not part of this contract, then the client wasn't notified of expenses And the client would not, then the contract itself would violate 1.5 If it violates 1.5, the attorneys can't collect Can you address the equitable issue of Mr. Dobbs being able to take advantage of having claim to be represented Getting a higher amount within the MDL settlement And then keeping the money that for anybody else under the settlement would normally go to their lawyer Certainly, Your Honor I want to clarify, kind of before I answer your question I want to clarify the represented versus unrepresented issue Because that's certainly an issue In the settlement, being represented versus unrepresented is a term of art In the sense that someone is considered unrepresented if they don't have an attorney on a specific date So, if you get an attorney later, after that date, you're still unrepresented If you terminate your attorney, you're represented So, in this case, Mr. Dobbs will be considered represented So, he's getting a higher amount regardless of what the court decides as to the fees So, to your point as to the equitable issue of shouldn't counsel be paid because he's getting a benefit And for the reasons that the counsel is strong-arming the client into settlement The potential violation of one, if the court rules that the contract doesn't include that email The violation of 1.5 and then also for the breach of the agreement The attorneys, when you breach an agreement, you don't get the benefit of that agreement And so, for those reasons, when the attorneys don't act in the way they're supposed to under the agreement Then they don't get their fees So, Mr. Dobbs gets more in fees, but it's to make up for the fact that the attorneys didn't fulfill their terms I realize I'm out of time, and so I will conclude. Thank you Mr. McLaughlin May it please the court This is about abuse of discretion at the court below The appellate has made a number of arguments claiming, well, the court should have done this, should have done that Should have held hearings, but the court, in its opinion, where the court did award And find that the amount of fees requested was reasonable, the court stated the basis for it The court didn't request us to provide any additional information But one thing I'll point out to the court that really wasn't argued in the briefs Is that, as I think the court's aware, this case arises out of the DePue ASR multi-district litigation settlement That settlement involved something over 7,000 claimants And the settlement agreement provided that people who never had a lawyer Were to get a certain amount of money, and people who did have a lawyer were to get $250,000 Well, that certain amount of money was calculated by reducing the amount you get if you're a lawyer By making it 71% Well, it turns out that the amount of fee that my now deceased co-counsel and I Had in our contingent fee agreement with Mr. Dobbs Is almost, to the dollar, the difference between what was agreed to by the settling parties As the amount that would be paid to representative versus non-representative attorneys So we have some 5,000 people who were receiving essentially the exact same services that we provided to Mr. Dobbs And those people who settled their case paid almost exactly the same fee That my co-counsel and I contend we are entitled to, if not under the contract As the court here in Illinois found, we're entitled to on the basis of quantum merit And so the fact that my years of trial experience, my curriculum vitae, the number of cases I've tried to verdict hasn't come into evidence All right, we can go back and have a hearing and I can present all of that Well, that's the problem, that's what your opponent's asking for That you do what you normally do in requesting fees Is put on your background, your qualities, the time you spent doing various things And then award the fees, not just award fees Well, the case law as cited in the brief says that one of the appropriate measures to determining Well, what is the appropriate amount of fee is to look at, well, what the contract would have provided If the contract were still in effect rather than doing quantum merit We're not claiming anything for any work done in receiving the enhanced fees, that's not an issue here Whether it's an issue or not here, are you claiming it, are you reserving your right to come back again To say we should get more fees if he gets any enhancements I will here say no, I waive that Okay We didn't earn that, we didn't do anything to get the enhanced fees But we did everything that was required to get the underlying fees So the basis is that the court is to be given not just a deference But I believe it's highly deferential standard when considering whether or not the court below Properly assessed the amount of attorney's fees Sort of twist here, this wasn't before this judge I mean, the case itself was not before this judge Well, the case was remanded to this court for purposes of determining the fees Because of the conflict that arose when the MDL judge attempted the mediation As was disclosed in the MDL judge's order And that became unsuccessful, he felt he had a conflict But the work that was done is apparent in the record So I don't think any judge would need to see me personally Well, if the work that you had done is in the record before this particular judge had made the decision And then that's your right I want to point out that two of the cases that the defense, excuse me, the appellant argues The Lavoris case and the American Home Assurance case are clearly distinguishable here In Lavoris v. Dick, the underlying reason why the court did not award a fee there was There was an illegal agreement between two attorneys The previous attorney and the new attorney that was not signed It was just an oral agreement and it appears that the underlying attorney was withholding the turning over of the file Unless the subsequent attorney agreed to give him a one-third contingent fee Clearly unethical, clearly illegal And the court said, no, we're not going to allow the quantum merit fee under that circumstance And in the American Assurance case, in that case, the attorney for the claimant Tried to enforce an illegal contingent fee which asked for an award And actually gave him assurances that he would get a fee that is in excess of the fees that were permitted Under Illinois law in a medical malpractice case Clearly overreaching, clearly illegal And the court said because of that unethical conduct that it would not award any fees Because the attorney clearly acted unethically Here there is no evidence in this record and no finding by the court below That either I or my co-counsel did anything unethical We didn't do anything illegal We gave Mr. Dobbs the representation that he was entitled to and that he deserved He was unhappy with the proposed settlement Taking his case to trial, in our opinion, was going to be economically disastrous to him Even if successful because of the expenses of taking the case to trial We recommended settlement And at that point he decided to discharge us I acted at that point I had found out my co-counsel had died He died so suddenly I didn't even know it But I did everything that I could to continue to represent Mr. Dobbs He terminated me but then said, but continue to represent me until I find other counsel You'll see from the emails that are in the record I attempted to cooperate with the counsel that he did refer to me I was then told, no, no, no, don't give him the file Hold the file back And I did that I continued to do everything I needed to do Until he finally filed the appropriate papers to have me withdraw  I had to go to a hearing Or I had to file papers to go to the hearing And the court allowed me to withdraw as counsel But then Mr. Dobbs accepted a settlement Now what isn't in the record is what did he accept We know what the settlement agreement provided about represented versus unrepresented But we also know that under the terms of the settlement agreement His state to accept it had passed And we don't have in the record what deal he may have made about Is he represented or is he not represented With the defendant in that settlement But it's our understanding and belief that because we did properly register him And because we were his counsel Throughout the time that he was a registered and not yet enrolled settlement claimant That we did everything that was necessary and required to do to fully represent him We earned the fee And now if he can get an enhanced award Great, he doesn't owe any fees on that I'm not going to claim any fees from an enhanced award But we earned the fees just like every other claimant Who participated in the settlement And if Mr. Dobbs is getting the Part A award of $250,000 Then the estate of Mr. Argueros and myself should be entitled to the fee That was originally provided for in the contingent agreement And was awarded by the court below based on quantum merit Do you have the authority to bind John Gelshausen, PC, and Mr. Argueros' estate? I don't have the authority to bind the estate But I have the authority to bind my former law firm, John Gelshausen, PC The estate, there is no attorney there He was a solo practitioner His widow is not a lawyer No, I'm not the attorney for the estate But I've not had any conflict with them And we have an agreement And they've cooperated with me prosecuting this for them Thank you You're welcome Ms. Williams Your Honors, I would like to speak to one issue About almost the same amount The attorneys are stating that they're getting almost the same amount As what they would get The difference between what they're getting And what other attorneys are getting In the unrepresented, they're getting at least 6% more And potentially more than that So there is a difference between what the settlement calls for is reasonable Versus what these attorneys are getting So I would advise the court of that And look at the amount that we're talking about here Because there is a slight difference there Is that why you're seeking the hearing? So there would be a reduction from 35%? I'm seeking Yes, I'm seeking the hearing First, I would ask that the court deny fees But secondly, we would ask to be remanded For a hearing on the quantum Merowith issue So the evidence can come in as to quantum Merowith So what did he settle for though? The settlement is the $250,000 that's shown in the record It's the same, there's no new settlement that was There's no enhanced figure So the way the settlement works And I apologize, I'm out of time But I want to explain to the court So the settlement was set up And everyone was offered the same settlement So in my brief, I state that the settlement Is akin to a class action settlement They're individually settling So unlike class action, you have to opt in But everyone was granted the base award of $250,000 And then there's deductions from there Mr. Dobbs, the deductions do not apply So there's the $250,000 And that's what we're discussing here Because counsel just waived the enhancements And then there are the enhancements Based on your age, the certain type of medical condition That you had, there are different ways That your $250,000 base could go up Now we don't have to worry about those now But he did get the $250,000 with no deductions So we're talking about $250,000 And then there is the MDL fees There's a 1% deduction from that To cover the fees of the MDL litigation And there's also, if fees are not awarded To the McLaughlin attorneys Then there's a 5% attorney fee provision Built into the settlement as well So the $250,000 is $250,000 less, 1% less, 5% And then that's where you get to the check That would be issued to Mr. Dobbs Did I appropriately answer the question? Well, just to be clear So there's no, it's from $250,000 down It's not from $250,000 up, you'd say? $250,000 is the base Yeah And then the I understand the 1 and the 5 Right, you understand the 1 and the 5 But you talked about enhancements That Mr. Dobbs would be eligible for Right, so there's almost a second set of You submit a second set of medical records More information to the MDL settlement Is that occurring here? That is occurring here But the attorneys have waived any fees As to any award that's awarded above and beyond $250,000 I appreciate the position of Mr. McLaughlin I just wanted to Yes, that's occurring here It's not in the record because it hasn't been finalized But Mr. Dobbs did file for enhancements And believes that he is going to get some of those enhancements Basically, your argument with quantum merit Is that the judge that set the fees in this case Where I was on appeal That the counsel or former counsel Did not provide documentation For what was done on their behalf and equality Right, they didn't meet their burden of proof To demonstrate that the fees under the quantum merit That's correct, your honor Is there anything further, your honors? Apparently not Thank you very much for your time Thanks, counsel Case is taken under advisement Court will proceed to the fifth case Smith v. Capital One Bank